### DAN BYRD v. HENRY MONDS and GEORGE F. POPE.

#### (Filed 3 October, 1928.)

CIVIL ACTION, before *Nunn, J.,* at April Term, 1928, of HARNETT.

The evidence of plaintiff tended to show that he was the owner of a young horse about four and a half years old; that the horse was untrained and unbroken, and that he made an agreement with the defendant Monds at the defendant Pope's stable to the effect that Monds was to take the horse, care for him properly, and train him to work on the farm with the express understanding that the horse was to be used for farm work only. The evidence further tended to show that on Monday, the 15th day of June, 1925, the horse was taken to the woods and put to work hauling logs. A mule was hitched with the horse to the log wagon. After working the horse in the woods for about a day and a half the horse became sluggish and was found dead in the lot the next morning. The logging operations were carried on by the defendant Pope. Plaintiff alleged that the defendant negligently killed his horse by putting it to work, hauling logs in the woods when at the time the horse was fat, unbroken and untrained for such work.

The defendants alleged and offered evidence tending to show that the work the horse was doing was lighter than farm work, and that the horse was handled with proper care.

Issues of negligence were answered by the jury in favor of plaintiff. From judgment upon the verdict the defendant, Pope, appealed.

*Jesse F. Wilson and Godwin & Guy for plaintiff.*
*J. C. Clifford for defendant, G. F. Pope.*

PER CURIAM. The chief question presented by the record is whether or not there was sufficient evidence of negligence on the part of the defendant Pope to be submitted to the jury.

The plaintiff testified that the defendant Pope said, "that the horse was getting so fat that he could not plow it in corn, because he walked too fast, and that he thought he would carry the horse to the log woods and work the horse down a little, and then put the horse back in the plow." The defendant denied making such statement to the plaintiff. Thus an issue of fact was sharply drawn, and it was the province of the jury to determine the truth of the matter. If believed by the jury, the alleged statement of the defendant, was sufficient evidence of the fact that the horse was worked in the logging operations of the defendant with his knowledge and consent if not by his express direction. Hence the defendant would be liable for any negligence in working the horse in his business operations.

The verdict of the jury, therefore, was supported by evidence, and no error of law appears upon the face of the record warranting a new trial.

No error.